**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JESSICA HODGE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | CASE NO. 1:21-cv-02520 |
| v. | |
| MIRAMED REVENUE GROUP, LLC, | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

NOW comes JESSICA HODGE, by and through her counsel, James C. Vlahakis, on behalf of herself and all others similarly situated, and complaining against MIRAMED REVENUE GROUP, LLC. states as follows:

**I. Parties, Jurisdiction And Venue**

1. Plaintiff JESSICA HODGE ("Plaintiff") is a resident of Valparaiso, Indiana and a citizen of the State of Indiana.

2. Plaintiff brings this Complaint pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

3. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331.

4. Defendant MIRAMED REVENUE GROUP, LLC. ("Defendant") is an Illinois limited liability company with its primary headquarters within this Judicial District.

5. Plaintiff is a "consumer" as this term is defined by Section 1692a of the FDCPA because she is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

1

6.      Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it regularly uses the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Illinois and conduct systematic debt collection business in this judicial district.

**II.   Summary of the FDCPA**

8.      Section 1692 of the FDCPA contains "Congressional findings" and a "declaration of purpose" and states as follows:

### (a) Abusive practices

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

### (b) Inadequacy of laws

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

### (c) Available non-abusive collection methods

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

### (d) Interstate commerce

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

### (e) Purposes

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

*See*, 15 U.S.C. § 1692.

9. One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

10. In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, including increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

11. Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

12. The FDCPA provides that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

13. Congress enacted the FDCPA to protect ethical debt collectors from being competitively disadvantaged by debt collectors who do not abide by the prohibitions set forth by the FDCPA. 15 U.S.C. § 1692(e).

**III. Factual Allegations**

**A. Background Allegations**

14. Defendant attempted to collect a "debt" from Plaintiff as this term is defined by 15 U.S.C. § 1692a(5) by and through the two collection letters dated March 12, 2021 and April 16, 2021 (hereafter the "March 12 Letter" and "April 16 Letter" and collectively as the "Collection Letters").

15. The March 12 Letter was a form letter that Defendant regularly uses when it engages in debt collection activity throughout the Northern District of Illinois and the Northern District of Indiana.

16.     The April 16 Letter was a form letter that Defendant regularly uses when it engages in debt collection activity throughout the Northern District of Illinois and the Northern District of Indiana.

17.     On information and belief, Defendant utilized a third-party mail vendor to mail both Collection Letters to Plaintiff.

18.     The March 12 Letter was a "communication" as defined by Section 1692a(2) of the FDCPA because the letter sought to collect a debt that Defendant claimed that Plaintiff owed to a third party.

19.     The April 16 Letter was a "communication" as defined by Section 1692a(2) of the FDCPA because the letter sought to collect a debt that Defendant claimed that Plaintiff owed to a third party.

20.     Prior to receiving the Collection Letters, Plaintiff and her family received medical treatment from various medical providers.

21.     Prior to receiving the Collection Letters, Plaintiff and her family received medical treatment from various medical providers.

22.     Prior to receiving the Collection Letters, Plaintiff and her husband attempted to pay down amounts that they owed to various medical providers after their insurance carrier made payments to the underlying medical providers.

23.     In part, Plaintiff used her FLSA account to pay down the bills that she and family owed to various medical providers.

24.     Plaintiff used her FLSA account to make automated payments to pay down the bills that she and family owed to various medical providers.

25.     When Plaintiff and her husband paid down their family's medical bills, the bills at issue referred to "Franciscan Alliance".

4

26.     Plaintiff and her husband were upset to discovery that efforts to pay down their family's medical bills resulted in in certain debts being sent to Defendant.

27.     Plaintiff and her husband were upset to discovery that efforts to pay down their family's medical bills resulted in the generation of collection letters by Defendant and Defendant's third-party vendor.

28.     The upper left corner of both Collection Letters contain the heading "Collection Agency" and directly below these words (in slightly smaller font) the both Collection Letters say "MIRAMED REVENUE GROUP".

29.     The upper right corner of both Collection Letters contain the heading "DEBT COLLECTION NOTICE" and (in slightly smaller font) and both Collection Letters say "Re: FRANCISCAN HEALTH CROWN POINT".

30.     Despite containing the phrase "DEBT COLLECTION NOTICE", neither of the Collection Letters specifically refer to "Franciscan Alliance" or "Franciscan Health Crown Point" as "the creditor to whom the debt is owed" as required by Section 1692g(a)(2) of the FDCPA.

31.     Both of the Collection Letters refer to "Amount Due" of $6,195.50 and to an account number ending in 724.

32.     The reverse side of the Collection Letters identify sixteen (16) other account numbers.

33.     Both Collection Letters state "[w]e request payment in full."

34.     Both Collection Letters instructed Plaintiff to "mail payments *to us* at the address listed below" (emphasis supplied) where the Letter listed Defendant's address.

35.     Neither of the Collection Letters listed any address associated with Franciscan Alliance or Franciscan Health Crown Point.

36.     Both Collection Letters informed Plaintiff that "[w]e will accept payment by credit card or check-by-phone at the numbers listed above" where the letter listed a telephone number associated with Defendant.

37.     Both Collection Letters stated "[y]ou may have additional accounts placed in *our office* – please call to discuss" (emphasis supplied).

38.     Both Collection Letters concluded by warning Plaintiff that "[i]f we do not receive notice of a dispute within the appropriate time period … *our client* may authorize us to report *this matter* as a collection account to a credit reporting agency." (emphasis supplied).

39.     The Collection Letters did not specifically identified "our client" or the creditor to whom the debt is owed" as required by Section 1692g(a)(2) of the FDCPA.

40.     The Collection Letters did not explain what Defendant meant by the term "this matter".

41.     The above referenced language is deceptive, misleading, and constitutes unfair collection practices in violation of Sections 1692e, e(2)(A), e(10), 1692f, 1692g(a)(1) and g(a)(2) of FDCPA.

42.     Prior to receiving Defendant's Collection Letters, Plaintiff was making periodic payments.

43.     Plaintiff was confused and frustrated to receive Defendant's Collection Letters in light her prior payments.

44.     In addition to Plaintiff suffering frustration, shock, emotion distress from having her medical bills sent to a collection agency while she was attempting to pay down her debts, Plaintiff has incurred damages in the form of a retainer payable to the undersigned's law firm to retain the undersigned to investigate her claims and assert the below cases of action.

45.     Plaintiff would not have made the aforementioned payments if she knew that she was going to be sent to collections and subject to threatened credit reporting.

46.     If Plaintiff knew that her well-intentioned efforts to pay off her family's medical bills would have resulted in her facing collection efforts and  threatened credit reporting, Plaintiff would have spent her family's limited funds to pay down other debts where her family's other debts were accruing interest.

## IV. Class Action Allegations

47.      This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

48.     The proposed lass consists of at least forty persons throughout the states of Illinois, Indiana and Wisconsin such that joinder of all Class embers is impracticable.

49.     There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these are form Collection Notices based on a common course of conduct by Defendant.

50.     The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

51.     Plaintiff is an adequate representative of the Class and has retained legal counsel experienced in class actions and complex litigation.

52.     Common questions of law and fact over any questions affecting only individual class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending a similarly worded form letter to class members that includes the language quoted in Section III.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

**V.  Causes of Action**

<u>**COUNT I – Violations of 15 U.S.C §§ 1692e, e(2)(A) and e(10)**</u>

54.     Plaintiff repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

55.     Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

56.     Section 1692e enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

57.     In relation to the subject Collection Letters, Defendant violated 15 U.S.C. §§1692e, e(2)(A), and e(10), by including the language "[y]ou may have additional accounts placed in our office".

58.     This language is deceptive and misleading as to the nature, character, or amount the *finite* number and amount of any debts assigned to Defendant.

59.     An unsophisticated consumer like Plaintiff could reasonably believe that he or she is subject to an additional debt not detailed in the Collection Notice.

60.     Defendant knew that Plaintiff had no additional debts with Defendant, thus demonstrating the false, deceptive, and misleading nature of Defendant's representation.

61.     The complained of language referenced in Section III violates Sections 1692e, e(2)(A) and e(10).

62.     In particular, each of the subject Collection Letters listed an amount allegedly owed on page one of each letter, along with various account numbers.

63.     At the same time, each of the subject Collection Letters plausibly implied the existence of additional debts.

64.     Since Defendant would know whether other accounts have been placed with it, Defendant violated Sections 1692e, e(2)(A) and e(10) where the subject Collection Letters misleadingly suggested that Plaintiff owed other amounts where a meaningful review of the records available to Defendant would have demonstrated that Plaintiff did not owe any additional debts.

65.     On information and belief, Defendant included the phrase "[y]ou may have additional accounts placed in our office – please call to discuss" to induce Plaintiff to call Defendant to allow one of Defendant's collection representative so pressure Plaintiff into paying off the debts that were placed with Defendant.

66.     Section 1692g(a)(2) of the FDCPA requires debt collectors to identify "the name of the creditor to whom the debt is owed".

67.     Rather than listing to Franciscan Alliance, Franciscan Health Crown Point or any other medical provider as "the creditor to whom the debt is owed", the subject Collection Letters misleadingly referenced "FRANCISCAN HEALTH CROWN POINT".

68.     Rather than referring to Franciscan Alliance, Franciscan Health Crown Point or any other medical provider as "the creditor to whom the debt is owed", the

subject Collection Letters misleadingly instructed Plaintiff to "mail payments *to us* at the address listed below" (emphasis supplied) which listed Defendant's name and a Carol Stream, Illinois post office box.

69.    Plaintiff was confused by Defendant's failure to track the language required by Section 1692g(a)(2) of the FDCPA and because of the language used by Defendant (as highlighted in Section III), Defendant failed to properly identify "the name of the creditor to whom the debt is owed".

70.    Based upon Defendant's confusing and misleading language, Plaintiff was not adequately informed of the "the name of the creditor to whom the debt is owed".

71.    Based upon Defendant's confusing and misleading language, Plaintiff presumed that her debts were sold to another entity.

72.    Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

Class A

All residents of the States of Illinois and Indiana who received template collection letters identical in form to the March 12, 2021 letter received by Plaintiff during the one year preceding the filing of this action until such date as Defendant discontinues the template letter.

Class B

All residents of the States of Illinois and Indiana who received template collection letters identical in form to the April 16, 2021 letter received by Plaintiff during the one year preceding the filing of this action until such date as Defendant discontinues the template letter.

73.    As noted above, Plaintiff has suffered images cognizable by the FDCPA and contemplated by Congress' enactment of the FDCPA.

WHEREFORE, Plaintiff, JESSICA HODGE, respectfully requests that this Honorable Court grant the following relief in her favor:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

a. certifying of the proposed class as defined above;

b. appointing Plaintiff as Class Representative;

c. appointing Plaintiff's counsel as Class Counsel;

d. awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

e. awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. awarding Plaintiff and the class members statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B); and

g. awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k(a)(3).

## COUNT II – Violations of 15 U.S.C § 1692f

74.     Plaintiff repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

75.     Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

76.     As set forth above, Defendant violated Section 1692f by misleadingly using the phrase "[y]ou may have additional accounts placed in our office".

77.     This language is deceptive and misleading as to the nature, character, or amount the *finite* number and amount of any debts assigned to Defendant.

78.     An unsophisticated consumer like Plaintiff could reasonably believe that he or she is subject to an additional debt not detailed in the Collection Notice.

79.     Defendant knew that Plaintiff had no additional debts with Defendant, thus demonstrating the false, deceptive, and misleading nature of Defendant's representation.

80. The complained of language referenced in Section III violates Section 1692f.

81. In despite having access to the amounts owed, language of both Collections Letters improperly suggest the existence of additional debts.

82. Since Defendant would know whether other accounts have been placed with it, Defendant violated Section 1692f where the Letter misleadingly suggested that Plaintiff may owe other amounts.

83. On information and belief, Defendant included the phrase "[y]ou may have additional accounts placed in our office – please call to discuss" to induce Plaintiff to call Defendant to allow one of Defendant's collection representative so pressure Plaintiff into paying off the debts that were placed with Defendant.

84. Rather than listing to Franciscan Alliance, Franciscan Health Crown Point or any other medical provider as "the creditor to whom the debt is owed" as required by Section 1692g(a)(2) of the FDCPA, the subject Collection Letters misleadingly referenced "FRANCISCAN HEALTH CROWN POINT" and instructed Plaintiff to "mail payments *to us* at the address listed below" (emphasis supplied) which listed Defendant's name and a Carol Stream, Illinois post office box.

85. Plaintiff was confused by Defendant's failure to track the language required by Section 1692g(a)(2) of the FDCPA and because of the language used by Defendant (as highlighted in Section III), Defendant failed to properly identify "the name of the creditor to whom the debt is owed".

86. Based upon Defendant's confusing and misleading language, Plaintiff presumed that her debts were sold to another entity.

87. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

Class A

>All residents of the States of Illinois and Indiana who received template collection letters identical in form to the March 12, 2021 letter received by Plaintiff during the one year preceding the filing of this action until such date as Defendant discontinues the template letter.

Class B

>All residents of the States of Illinois and Indiana who received template collection letters identical in form to the April 16, 2021 letter received by Plaintiff during the one year preceding the filing of this action until such date as Defendant discontinues the template letter.

88. As noted above, Plaintiff has suffered images cognizable by the FDCPA and contemplated by Congress' enactment of the FDCPA.

WHEREFORE, Plaintiff, JESSICA HODGE, respectfully requests that this Honorable Court grant the following relief in her favor:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. appointing Plaintiff as Class Representative;

c. appointing Plaintiff's counsel as Class Counsel;

d. awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

e. awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. awarding Plaintiff and the class members statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B); and

g. awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k(a)(3).

## COUNT III – Violations of 15 U.S.C §§ 1692g(a)(1) and g(a)(2)

89. Plaintiff repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

90.     Section 1692g(a)(1) of the FDCPA requires debt collectors to identify "the amount of the debt" in a debt collector's "initial communication with a consumer in connection with the collection of any debt ...[.]"

91.     As set forth above, Defendant violated Section 1692g(a)(1) of the FDCPA by misleadingly using the phrase "[y]ou may have additional accounts placed in our office".

92.     This language is deceptive and misleading as to the nature, character, or amount the *finite* number and amount of any debts assigned to Defendant.

93.     An unsophisticated consumer like Plaintiff could reasonably believe that he or she is subject to an additional debt not detailed in the Collection Notice.

94.     Defendant knew that Plaintiff had no additional debts with Defendant, thus demonstrating the false, deceptive, and misleading nature of Defendant's representation.

95.     The complained of language referenced in Section III violates Section 1692g(a)(1). In particular, both Collection Letters explicitly implied the existence of further debts when Defendant should have known the total number and amounts of the debts allegedly owed.

96.     Since Defendant would know whether other accounts have been placed with it, Defendant violated Section 1692g(a)(1) where the Collection Letters misleadingly suggested that Plaintiff family may have owed other amounts.

97.     On information and belief, Defendant included the phrase "[y]ou may have additional accounts placed in our office – please call to discuss" to induce Plaintiff to call Defendant to allow one of Defendant's collection representative so pressure Plaintiff into paying off the debts that were placed with Defendant.

14

98.    Section 1692g(a)(2) of the FDCPA requires debt collectors to identify "the name of the creditor to whom the debt is owed".

99.    Rather than referring to Franciscan Alliance, Franciscan Health Crown Point or a series of medical providers as "the creditor to whom the debt is owed" as required by Section 1692g(a)(2) of the FDCPA, the Collection Letters misleadingly stated "RE: FRANCISCAN HEALTH CROWN POINT" and instructed Plaintiff to "mail payments *to us* at the address listed below" (emphasis supplied) which listed Defendant's name and a Carol Stream, Illinois post office box.

100.   Plaintiff was confused by Defendant's failure to track the language required by Section 1692g(a)(2) of the FDCPA and because of the language used by Defendant (as highlighted in Section III), Defendant failed to properly identify "the name of the creditor to whom the debt is owed".

101.   Based upon Defendant's confusing and misleading language, Plaintiff was not adequately informed of the "the name of the creditor to whom the debt is owed".

102.   Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

Class A

> All residents of the States of Illinois and Indiana who received template collection letters identical in form to the March 12, 2021 letter received by Plaintiff during the one year preceding the filing of this action until such date as Defendant discontinues the template letter where the collection letters failed to properly identify the underlying creditor.

Class B

> All residents of the States of Illinois and Indiana who received template collection letters identical in form to the April 16, 2021 letter received by Plaintiff during the one year preceding the filing of this action until such date as Defendant discontinues the template letter where the collection letters failed to properly identify the underlying creditor.

103.    As noted above, Plaintiff has suffered images cognizable by the FDCPA and contemplated by Congress' enactment of the FDCPA.

WHEREFORE, Plaintiff, JESSICA HODGE, respectfully requests that this Honorable Court grant the following relief in her favor:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.  appointing Plaintiff as Class Representative;

    c.  appointing Plaintiff's counsel as Class Counsel;

    d.  awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    e.  awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    f.  awarding Plaintiff and the class members statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B); and

    g.  awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k(a)(3).

## COUNT IV – Violations of 15 U.S.C § 1692c(b)

104.    Plaintiff repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

105.    Section 1692c(b) states as follows:

*Except as provided in section 1692b of this title*, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C § 1692c(b) (emphasis supplied).

106.    Section 1692b of the FDCPA provides as follows:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> (2) not state that such consumer owes any debt;
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
>
> (4 ) not communicate by post card;
>
> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
>
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the Subject Debts and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S.C. § 1692b.

107. Section 1692b relates to the manner in which a debt collector may lawfully communicate "with any person *other than the consumer* for the purpose of acquiring location information." 15 U.S.C. § 1692b (emphasis supplied).

108. In transmitting both Collection Letters, Defendant provided its mail vendor with Plaintiff's demographic information in violation of Section 1692c(b).

109. In transmitting both Collection Letters, Defendant transmitted Plaintiff's status as a purported debtor to its mail vendor in violation of Section 1692c(b).

110. The FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a).

17

111.    "[I]nvasions of personal privacy have been regarded as a valid basis for tort suits in American courts." *Hunstein v. Preferred Collection & Mgmt. Servs.*, __ F.3d ___, 2021 U.S. App. LEXIS 11648, *8 (11th Cir. April 21, 2021). (citing *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 50 S.E. 68 (1905); *Munden v. Harris*, 153 Mo. App. 652, 134 S.W. 1076 (1911); *Kunz v. Allen*, 102 Kan. 883, 172 P. 532 (1918).

112.    "[T]he existence of a right of privacy is now recognized in the great majority of the American jurisdictions that have considered the question." *Id.* (quoting Restatement (Second) of Torts § 652A cmt. a. (Am. Law Inst. 1977)).

113.    "[T]he term 'invasion of privacy' comprises an identifiable family of common-law torts—including, most relevantly here, 'public disclosure of private facts.' Invasion of Privacy, Black's Law Dictionary 952 (10th ed. 2014)." *Id.* at *8-*9.

114.    "It is hornbook law that '[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.' Restatement (Second) of Torts § 652D (1977)." *Id.* at *9.

115.    "[T]he Supreme Court itself has recognized 'the individual interest in avoiding disclosure of personal matters' and has recognized that 'both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.'" *Id.* (quoting *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989) (citation and quotation marks omitted)).

116.    Illinois law recognizes that forms of invasions of personal privacy, referred to as the tort of "intrusion upon seclusion," have been regarded as a valid basis for tort

18

suits in the United States. *See, e.g., Duncan v. Peterson*, 835 N.E.2d 411, 422 (Ill. App. Ct. 2005)

117.    The tort of "invasion of privacy" comprises an identifiable family of common-law torts—including, most relevantly here, "public disclosure of private facts." INVASION OF PRIVACY, BLACK'S LAW DICTIONARY 952 (10th ed. 2014). It is hornbook law that "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." RESTATEMENT (SECOND) OF TORTS § 652D (1977). *See also*, 77 C.J.S. RIGHT OF PRIVACY AND PUBLICITY § 32; 62A AM. JUR. 2D PRIVACY § 79.

118.    Illinois courts have followed the Restatement (Second) of Torts: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 70 (Ill. App. 1st Dist. 2004) (quoting RESTATEMENT (SECOND) OF TORTS § 652B at 378 (1977).

119.    Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

> All residents of the States of Illinois and Indiana who received a template collection letter during the one year preceding the filing of this action through the date of class certification where the mailing of the collection letters were undertaken by a third-party vendor where Defendant sent the existence of consumers' debt and the consumers' demographic information to the letter vendor without consent of the consumers.

120.    A debt collector's violation of Section 1692c(b) constitutes a sufficient privacy right injury to satisfy Article III standing.

WHEREFORE, Plaintiff, JESSICA HODGE, respectfully requests that this Honorable Court grant the following relief in her favor:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. appointing Plaintiff as Class Representative;

c. appointing Plaintiff's counsel as Class Counsel;

d. awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

e. awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. awarding Plaintiff and the class members statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B); and

g. awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k(a)(3).

### COUNT V – Violations of 15 U.S.C §§ 1692e, e(2)(A), e(10) and 1692f

121. Plaintiff repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

122. Defendant violated Sections 1692e, e(2)(A), e(10) and 1692f of the FDCPA by threatening to credit report the subject debts where the accounts at issues were being paid down by Plaintiff subject to a payment plan.

123. Defendant also violated Sections 1692e, e(2)(A), e(10) and 1692f of the FDCPA by refusing to explain why the subject debts had been referred to collections.

124. Defendant also violated Sections 1692e, e(2)(A), e(10) and 1692f of the FDCPA by refusing to return the subject debts to the original creditor(s) where the accounts at issues were being paid down by Plaintiff subject to a payment plan.

125. Defendant also violated Sections 1692e, e(2)(A), e(10) and 1692f of the FDCPA by refusing to explain why the subject debts could not be returned to the original creditor(s).

WHEREFORE, Plaintiff, JESSICA HODGE, respectfully requests that this Honorable

Court grant the following relief in her favor:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

c. awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

d. awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k(a)(3).

***Plaintiff, by and through her counsel, requests***
***a jury trial as to all applicable Counts***

Respectfully submitted, counsel
for Plaintiff JESSICA HODGE

Dated: May 11, 2021

*/s/ James C. Vlahakis*
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
jvlahakis@sulaimanlaw.com

21